

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
PO Box 40111 ● Olympia, WA 98504-0111 ● (360) 709-6470

April 20, 2021

Ms. Molly C. Dwyer
Clerk of Court, Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** ***Daniel Mitchell, et al. v. Charles Atkins, et al.*, No. 20-35827**
**Fed. R. App. P. 28(j) Letter**

Dear Ms. Dwyer:

Appellees submit as supplemental authority this Court's recent en banc decision in *Young v. Hawaii*, No. 12-17808, --- F.3d ----, 2021 WL 1114180 (9th Cir. Mar. 24, 2021) (en banc). Applying the two-step test governing Second Amendment claims, *Young* upheld Hawai'i's restrictions on "open carry" of firearms at step one because they "reflect longstanding prohibitions" and "the conduct they regulate is therefore outside the historical scope of the Second Amendment." *Id.* at *3.

*Young* clarifies the importance of independent historical analysis at step one of the Second Amendment framework. Noting that *District of Columbia v. Heller*, 554 U.S. 570 (2008), "relied heavily on history," the en banc Court wrote that "we do not think that [*Heller*] exhausted all subsequent need to confront our history in resolving challenges to other firearm regulations." *Young*, 2021 WL 1114180, at *12. Rather, "after *Heller*, it is our duty to confront such history." *Id.*

*Young*'s historical review "demonstrates that restrictions on carrying arms openly have long been a part of our legal tradition." *Id.* at *13. While recognizing that "the record is not uniform," the en banc Court read "the overwhelming evidence from the states' constitutions and statutes, the cases, and the commentaries" to confirm that there is "no general right to carry arms into the public square for self-defense." *Id.*

*Young*'s approach supports the District Court's conclusion below that "reasonable age restrictions on the sale, possession, or use of firearms have an established history" and thus Appellants' Second Amendment challenge to the Age Provision "fails at the first step of the inquiry." ER-15–16. Here, each category of historical evidence upon which the *Young* Court relied—English common law, early American statutes and cases, and 19th-century commentators—demonstrates a "longstanding tradition" of restricting "potentially dangerous firearm conduct by those under the age of 21," ER-16,

ATTORNEY GENERAL OF WASHINGTON

April 7, 2021
Page 2

as detailed in the District Court's decision, ER-13–15, Appellees' Brief, DktEntry 16 at 19–25, and the Amicus Brief of Everytown for Gun Safety, DktEntry 26-1 at 9–13.

For that reason and all those set out in Appellees' Brief, this Court should affirm the District Court.

Respectfully submitted,

*/s/ Zachary Pekelis Jones*
ZACHARY PEKELIS JONES, WSBA #44557
Assistant Attorney General
*Counsel for Appellee Teresa Berntsen*

*/s/ Greg Wong*
GREG WONG, WSBA #39329
Pacifica Law Group
*Counsel for Intervenor Safe Schools Safe Communities*

*/s/ Leslie A. Lopez*
LESLIE A. LOPEZ, WSBA #46118
Deputy Prosecuting Attorney
*Counsel for Defendant Chuck Atkins*

*/s/ Salvatore J. Faggiano*
SALVATORE J. FAGGIANO, WSBA #15696
Assistant City Attorney
*Counsel for Defendant Craig Meidl*