

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle, WA 98104-3188
(206) 464-7744

April 26, 2021

Ms. Molly C. Dwyer
Clerk of Court, Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:**  ***Daniel Mitchell, et al. v. Charles Atkins, et al.*, No. 20-35827**
  **Fed. R. App. P. 28(j) Letter**

Dear Ms. Dwyer:

Appellees submit as supplemental authority the decision in *Lara v. Evanchick*, --- F. Supp. 3d ----, No. 2:20-cv-1582, 2021 WL 1432802 (W.D. Pa. Apr. 16, 2021). The case concerns a Pennsylvania law that (1) makes it generally unlawful to carry a *concealed* firearm without a license, 18 Pa. C.S. § 6106(b); (2) allows only persons 21 or older to be issued such a license, *id.* § 6109(b); and (3) during a declared state of emergency, restricts persons from carrying firearms *openly*, *id.* § 6107(a)(1)–(2). *Lara*, 2021 WL 1432802, at *1. The plaintiffs, including three individuals over 18 but not yet 21, challenged the statute under the Second Amendment, contending that its "provisions, taken together, deprive 18-to-20-year-old Pennsylvanians of the right to bear arms in public in any manner." *Id.* (internal quotation marks and citation omitted).

The District Court, Judge William S. Stickman IV, dismissed the complaint with prejudice for failure to state a claim. *Id.* at *13. Applying the two-step Second Amendment framework first adopted by the Third Circuit, *see id.* at *1 (citing *United States v. Marzzarella*, 614 F.3d 85, 89 (3d. Cir. 2010))—and later by ten other circuits, including this Court, *see* Br. of Appellees at 15—the court concluded that plaintiffs' claim failed at step one. Judge Stickman pointed to "the established consensus of federal appellate and district courts from around the country"—including the decision below—"that age-based restrictions limiting the rights of 18-20-year-old adults to keep and bear arms fall under the 'longstanding' and 'presumptively lawful' measures recognized by the Supreme Court in *Heller* as evading Second Amendment scrutiny." *Lara*, 2021 WL 1432802, at *10.

This decision makes *Lara* at least the eighth court to conclude that "age-based restrictions on the ownership, use and, especially, carrying of firearms have a long history in this Country" and that

ATTORNEY GENERAL OF WASHINGTON

Ms. Molly C. Dwyer
Page 2

"such restrictions fall outside the scope of the rights protected by the Second Amendment." *Id.* at *12; *see* Br. of Appellees at 22–23 (collecting cases). Appellees are aware of no court that has reached a contrary conclusion.

Respectfully submitted,


*/s/ Zachary Pekelis Jones*
ZACHARY PEKELIS JONES, WSBA #44557
Assistant Attorney General
*Counsel for Appellee Teresa Berntsen*

*/s/ Greg Wong*
GREG WONG, WSBA #39329
Pacifica Law Group
*Counsel for Intervenor Safe Schools Safe Communities*

*/s/ Leslie A. Lopez*
LESLIE A. LOPEZ, WSBA #46118
Deputy Prosecuting Attorney
*Counsel for Defendant Chuck Atkins*

*/s/ Salvatore J. Faggiano*
SALVATORE J. FAGGIANO, WSBA #15696
Assistant City Attorney
*Counsel for Defendant Craig Meidl*