

T 206.245.1700
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
pacificalawgroup.com

Zach Pekelis Jones
Zach.Pekelis.Jones@pacificalawgroup.com

July 22, 2021

Molly C. Dwyer
Clerk of Court, Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** *Daniel Mitchell, et al. v. Charles Atkins, et al.*, No. 20-35827
Fed. R. App. P. 28(j) Letter

Dear Ms. Dwyer,

Appellees submit this response to Appellants' citation of *Hirschfeld v. ATF*, No. 19-2250, 2021 WL 2934468 (4th Cir. July 13, 2021). Creating a circuit split, the divided panel invalidated a 53-year-old federal law, 18 U.S.C. § 922(b)(1), prohibiting firearm dealers from selling handguns to 18- to 20-year-olds. *See NRA v. ATF*, 700 F.3d 185, 188 (5th Cir. 2012).

The majority first held that § 922(b)(1) did not fall into the Second Amendment exception for "longstanding regulatory measures." *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010). Denying that *Heller* carved out such an exception, the majority instead required that a law "be both a commercial condition *and* longstanding to be presumptively valid." *Hirschfeld*, 2021 WL 2934468, at *7. This Court does not take such a crabbed view of the "longstanding regulation" exception. *See Young v. Hawaii*, 992 F.3d 765, 783 (9th Cir. 2021) (en banc) ("regulation[s] do[] not burden conduct protected by the Second Amendment if … the subject of longstanding, accepted regulation") (cleaned up).

The majority also held that the Second Amendment protects 18-year-olds because, in 1789, 18-year-olds were required to enroll in the militia. *Hirschfeld*, 2021 WL 2934468, at *27. It did so despite the Supreme Court's description of the right to bear arms as a right "having nothing whatever to do with service in a militia." *District of Columbia v. Heller*, 554 U.S. 570, 593 (2008).

Finally, *Hirschfeld* held that § 922(b)(1) did not meet intermediate scrutiny because "age is a poor proxy for gun violence." 2021 WL 2934468, at *31. While recognizing that 18- to 20-year-olds are more "prone to reckless and emotional behavior" and "commit a disproportionate amount of violence," the majority saw § 922(b)(1) as "over-inclusive[]" because "very few members of that group commit crime." *Id.* at *29, *31. Yet this Court has upheld "categorical bans on groups of persons who presently pose an increased risk of violence," regardless of how

July 22, 2021
*Mitchell v. Atkins*, No. 20-35827

unlikely any one such person is to actually commit a violent crime. *Mai v. United States*, 952 F.3d 1106, 1116 (9th Cir. 2020).

*Hirschfeld* represents an outlier that should not be followed.

Sincerely yours,

s/ Zach Pekelis Jones
Zach Pekelis Jones, WSBA #44557
Paul J. Lawrence, WSBA #13557
Gregory J. Wong, WSBA #39329
Nicholas W. Brown, WSBA #33586
Kai A. Smith, WSBA #54749
PACIFICA LAW GROUP LLP
*Counsel for Appellee Safe Schools Safe Communities*

s/ Jeffrey T. Even
Jeffrey T. Even, WSBA #20367
Deputy Solicitor General
*Counsel for Appellee Teresa Berntsen*

s/ Salvatore J. Faggiano
Salvatore J. Faggiano, WSBA #15696
Assistant City Attorney
*Counsel for Appellee Craig Meidl*

s/ Leslie A. Lopez
Leslie A. Lopez, WSBA #46118
Deputy Prosecuting Attorney
*Counsel for Appellee Chuck Atkins*