# Ard Law Group

Complex Litigation

Ms. Molly C. Dwyer
Clerk of Court, Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

May 12, 2022

Re: *Daniel Mitchell, et al. v. Charles Atkins, et al.*, No. 20-35827
Fed. R. App. P. 28(j) Letter

Ms. Dwyer:

Appellants submit as supplemental authority the recent decision of the United States Court of Appeals for the Ninth Circuit in *Jones v. Bonta*, No. 20-56174, —F.4th—, 2022 WL 148518 (9th Cir. May 11, 2022).

The Court evaluated a California state law "banning sales of semiautomatic centerfire rifles to young adults, and excepting only law enforcement officers and active-duty military, but not hunting license holders." *Id.* at *3. It determined that "the district court erred in applying intermediate scrutiny, rather than strict scrutiny. And even under intermediate scrutiny, the district court erred in finding the law likely to survive." *Id.* at *7. Although the Court recognized that "California regulates young adults' commerce in firearms, not their possession," *id.*, it held that the district court correctly focused "on the history of young adults' right to keep and bear arms generally," *id.*, noting that the Ninth Circuit has "assumed without deciding that the right to possess a firearm includes the right to purchase one." *Id.* (cleaned up).

After a review of historical English use and custom and colonial practice, *see generally Jones* § C, the Court concluded that "the historical record shows that the Second Amendment protects young adults' right to keep and bear arms." *Id.* at *11. The Court also concluded that because "[y]oung adults are neither felons nor mentally ill[, t]he semiautomatic rifle law does not fall within the Supreme Court's enumerated categories" of presumptively lawful regulations. *Id.* at *13. The Court also held that the ban could not be analyzed under intermediate scrutiny. "We have never held that intermediate scrutiny applied to a rule that banned the purchase of a major category of firearm." *Id.* at *14. It also rejected the State's reliance on family transfer provisions, because "allowing family transfers but not purchases makes young adults' Second Amendment rights conditional on the rights of others." *Id.* at *15.

# Ard Law Group

Complex Litigation

For these reasons and all those set out in Appellants' Brief, this Court should reverse the District Court.

Yours,

Joel B. Ard
Ard Law Group PLLC