

T 206.245.1700
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
pacificalawgroup.com

Zachary J. Pekelis
Zach.Pekelis@pacificalawgroup.com

May 18, 2022

Molly C. Dwyer
Clerk of Court, Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** *Daniel Mitchell, et al. v. Charles Atkins, et al.*, No. 20-35827
 **Fed. R. App. P. 28(j) Letter**

Dear Ms. Dwyer,

Appellees submit this response to Appellants' citation of *Jones v. Bonta*, --- F.4th ----, 2022 WL 1485187 (9th Cir. May 11, 2022). The divided panel reversed the denial of a preliminary injunction, concluding that a California law prohibiting sale of semiautomatic centerfire rifles to persons under 21 likely violates the Second Amendment. The majority misapplied this Circuit's precedents and distorted its framework governing Second Amendment cases, erring at each step of the analysis. The decision also is irreconcilable with *NRA v. ATF*, 700 F.3d 185, 188 (5th Cir. 2012)—which upheld against a Second Amendment challenge a federal law prohibiting sale of handguns to persons under 21, 18 U.S.C. § 922(b)(1)—effectively creating a circuit split.

The majority's most egregious errors lie in its conclusion at step one of the framework that laws restricting sale of firearms to persons under 21 fall within the scope of the Second Amendment. The majority relied on the fact that in colonial times and in the early Republic, men as young as sixteen "were part of the militia" and "[t]hus . . . have Second Amendment protections." *Jones*, 2022 WL 1485187, at *13. But "the majority . . . confus[ed] the age for military service," which is highly regulated and controlled, with "the separate question of the age at which society can draw a line at the sale of firearms to minors." *Id.* at *29 (Stein, J., dissenting) (cleaned up). The majority also overlooked that "the right to arms is not co-extensive with the duty to serve in the militia," and that the *Heller* Court had "decoupl[ed] the former from the latter." *NRA*, 700 F.3d at 204 n.17.

The *Jones* majority also disregarded the numerous 19th-century state laws restricting the ability of persons under 21 from purchasing or using firearms, reasoning that they restricted

May 18, 2022
*Mitchell v. Atkins*, No. 20-35827

minors' access to *handguns* but not *long guns*. 2022 WL 1485187, at *12. But if a state may restrict 18- to 20-year-olds' access to handguns—"the quintessential self-defense weapon," *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008)—corresponding age restrictions for long guns are *a fortiori* constitutional.

Sincerely yours,

*s/ Zachary J. Pekelis*
Zachary J. Pekelis
PACIFICA LAW GROUP LLP

*Counsel to Appellee Safe Schools Safe Communities*