UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DANIEL MITCHELL, et al.,

    Plaintiffs-Appellants

    v.

CHUCK ATKINS, in his official
capacity as the Sheriff of Clark County,
Washington, et al.,

    Defendants-Appellees

    and

SAFE SCHOOLS SAFE
COMMUNITIES,

    Intervenor-Defendant-Appellee

No. 20-35827

APPELLEES' UNOPPOSED
MOTION TO VACATE IN PART
AND REMAND

## I.  INTRODUCTION

The Supreme Court significantly altered the framework for adjudicating Second Amendment claims in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Scrapping the previously well-established two-step test applied by the District Court in this case, *Bruen* announced a new text- and history-centered approach. *Id*. at 2126. Recognizing that the prescribed historical analysis "can be difficult" and require "nuanced judgments about which evidence to consult and how to interpret it," *id*. at 2130 (cleaned up), *Bruen* assured that the standard would not "prove unworkable" because courts would rely on "various evidentiary principles and default rules" in analyzing "the historical record compiled by the parties," *id.* at 2130 n.6 (cleaned up).

In light of the new evidence and reasoning *Bruen* requires, this Court should vacate in part the District Court's 2020 order and remand this case for further proceedings. Appellants challenge the constitutionality of Washington Initiative Measure No. 1639 (I-1639), a common-sense law designed to reduce gun violence. Among other provisions, I-1639 prohibits individuals under 21 from purchasing the weapon often favored by mass shooters—semiautomatic assault rifles (the Age Provision). Applying the now-jettisoned two-step test, the District Court granted summary judgment for Appellees, rejecting Appellants' challenge to the Age

Provision under the Second Amendment. Remand is necessary to allow the parties to compile the kind of historical record *Bruen* requires, including the development of historical analogues and evidence addressing whether these analogues and the Age Provision "impose a comparable burden on the right of armed self-defense" and are "comparably justified." 142 S. Ct. at 2133. Remand also will allow the District Court to address other issues in the first instance, such as whether semiautomatic assault rifles are commonly used for self-defense. Indeed, this Court has vacated and remanded at least nine other appeals raising Second Amendment claims that were pending at the time *Bruen* was issued. The Court should do the same here and vacate the portion of the District Court's order pertaining to the Second Amendment claim and remand for further proceedings in light of *Bruen*.[1]

## II.    FACTUAL AND PROCEDURAL HISTORY

Appellees incorporate by reference the statement of the case set forth in their Answering Brief. Dkt. 16 at 22–31.[2]

---

[1] The District Court also upheld the other challenged provision of I-1639—its prohibition on in-person sales of semiautomatic assault rifles to non-Washington residents (the Non-Resident Sales Provision). Appellants challenged that provision under the dormant Commerce Clause, not the Second Amendment. ER-23. Because *Bruen* does not implicate the District Court's adjudication of that claim, vacatur is appropriate as to the Second Amendment claim only.

[2] Appellants' counsel has informed Appellees' counsel that Appellants do not intend to oppose this motion.

## III.    ARGUMENT

**A.    This Court Should Partially Vacate the District Court's Judgment and Remand for Further Proceedings in Light of *Bruen***

### 1.  The District Court Upheld the Age Provision Under the Prior Two-Step Test

In the years following *District of Columbia v. Heller*, 554 U.S. 570, 573–74 (2008), every Circuit that addressed the issue (including this Court) "coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Bruen*, 142 S. Ct. at 2125. Under the first step, the court asked whether "the challenged law regulate[d] activity falling outside the scope of the [Second Amendment] as originally understood." *Id.* at 2126 (cleaned up). When a regulation did not burden protected conduct, the analysis "stop[ped] there" and the law was valid. *Id.* (cleaned up). But if such a burden existed, the court would proceed to step two. *Id.* Under the second step, the court initially would determine what level of scrutiny to apply based on "how close the law c[ame] to the core of the Second Amendment right and the severity of the law's burden on that right." *Id.* For minimum age laws and restrictions on semiautomatic assault rifles, courts consistently applied—and upheld these laws under— intermediate scrutiny. Dkt. 16 at 35.

Applying the two-step test, the District Court granted summary judgment for

the Appellees and upheld the Age Provision. ER-7. Finding that "reasonable age restrictions on the sale, possession, or use of firearms have an established history in this country," the District Court concluded that the "Age Provision does not burden Second Amendment rights." ER-15-16. In reaching this conclusion, the District Court relied on, among other evidence, the fact that 18- to 20-year-olds lacked full legal rights of adulthood for much of the country's history and some historical laws regulating the purchase or possession of firearms by those under 21. ER-13–14.

Although the District Court concluded that the Age Provision is lawful under step one, it nevertheless proceeded to step two of the analysis out of an "abundance of caution." ER-16. The District Court first determined that intermediate scrutiny applied because the "Age Provision does not implicate the core Second Amendment right to defend one's home," including because it "contains multiple exceptions" such as permitting possession of semiautomatic assault rifles in "homes for self-defense." ER-17. Applying intermediate scrutiny, the District Court concluded that the "Age Provision reasonably fits with" Washington's "substantial government interests" in "public safety" and "preventing violent crime." ER-17–19. The District Court particularly credited (1) the opinions of Appellees' "two unrebutted scientific experts" that "18- to 20-year-olds are developmentally immature compared with older adults, increasing their risk to the community"; (2) judicial decisions "reach[ing] the same conclusion"; and (3) crime data showing that "18- to 20-year-

olds also commit a disproportionate share of crimes." ER-19–20.

## 2. *Bruen* Significantly Altered the Second Amendment Standard

In *Bruen*, however, the Supreme Court "decline[d] to adopt" the two-step test. 142 S. Ct. at 2126. Instead, the Supreme Court announced a new standard governing Second Amendment claims centered on "constitutional text and history." *Id.* at 2128–29. *Bruen* divided the prescribed analysis into two phases. Courts first conduct a textual inquiry to determine if "the Second Amendment's plain text covers an individual's conduct" regulated by the challenged law. *Id.* at 2129–30. Plaintiffs bear the initial burden to establish that the "textual elements of the Second Amendment's operative clause—'the right of the people to keep and bear Arms, shall not be infringed'—guarantee the individual right" at issue. *Id.* at 2134 (cleaned up). If plaintiffs do not carry their burden, the law is valid. *Id*. at 2129–30. If plaintiffs do meet their burden, the burden shifts to the government to establish that the law is nevertheless "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

Governments can thus justify regulations through "reasoning by analogy," which "requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id*. at 2132–33 (emphases added). Thus, in evaluating whether a "historical regulation is a proper analogue for

a distinctly modern firearm regulation," *Bruen* directs courts to determine whether the two regulations are "relevantly similar." *Id*. at 2132 (cleaned up). To make this determination, at least two metrics are pertinent: "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id*. at 2132–33. Accordingly, a regulation restricting protected conduct is constitutional if it "impose[s] a comparable burden on the right of armed self-defense" as its historical predecessors that is "comparably justified." *Id*. at 2133. These considerations, *Bruen* emphasized, are "*central*" to analogical inquiry. *Id*.

The Supreme Court explained that this historical inquiry will be "fairly straightforward" in some cases, such as when a challenged law addresses a "general societal problem that has persisted since the 18th century." *Id*. at 2131. In other cases, however, such as where the law addresses "unprecedented societal concerns or dramatic technological changes," the historical analysis requires a "more nuanced approach." *Id*. at 2132.[3]

### 3. Remand Is Necessary in Light of *Bruen*

This Court should vacate in part the District Court's judgment and remand for further proceedings consistent with *Bruen*. As explained above, the parties litigated

---

[3] To be sure, *Bruen* noted that the historical analysis that formed part one of the two-step approach is "broadly consistent with *Heller*," but provided important new guidance about how to conduct that inquiry, such as clarifying that, "even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." 142 S. Ct. at 2133.

this case and the District Court upheld the Age Provision under a framework that has been supplanted with a new standard, requiring new forms of analysis and new types of evidence under both phases of the *Bruen* test.

As to the first phase, Appellants must initially show that the regulated conduct is protected by the Second Amendment. To do so, the Appellants must specifically provide evidence to show that (i) 18- to 20-year-olds are part of "the people" protected by the Second Amendment; (ii) that semiautomatic assault rifles are "weapons in common use today for self-defense"; and (iii) that "the plain text of the Second Amendment protects [plaintiffs'] proposed course of conduct." *Id*. at 2134 (cleaned up). Remand will allow the parties to gather and present a complete record of evidence to address each of these distinct inquires required by *Bruen*. While Appellees provided some evidence germane to these questions in the District Court, the evidence was not gathered or analyzed in the context of these prescribed inquiries. For example, while the parties addressed whether the Age Provision burdened the core right of self-defense, the parties did not meaningfully address how common such firearms are for use in self-defense.

Regardless, remand is certainly necessary to allow the parties to develop and present evidence to address the second phase of the *Bruen* test: whether the Age Provision is "consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2130. In the District Court, as noted above, Appellees identified some

historical laws restricting firearm sales to people under 21, but neither the parties nor the District Court employed the reasoning-by-analogy analysis—with its emphasis on comparable burdens and comparable justifications—that *Bruen* now requires. *Id.* at 2133 ("analogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*."). Identifying and developing this evidence will require extensive and in-depth research and analysis of the "historical tradition" of firearms regulation, including of analogues likely not readily accessible. Such analogues could include, for example, purchase regulations in other contexts and regulations of firearms and other weapons that, like semiautomatic assault rifles, pose special dangers to human life. Given that the parties will need to present such historical evidence, remand is appropriate. *See id.* at 2130 n.6 (directing courts to decide cases "based on the historical record compiled by the parties.").

The parties also will need to develop evidence addressing the comparable burdens and justifications of these historical analogues and the Age Provision— which are "*central* considerations when engaging in an analogical inquiry." *Id.* at 2133 (cleaned up). While *Bruen* rejected freestanding "means-end scrutiny," the majority also made clear that the historical inquiry must at minimum examine "*how* and *why* the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2133 (emphases added). Specifically, the parties must address "whether

modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id.* Although Appellees presented and the District Court considered historical laws imposing age limits on the purchase of firearms, neither the parties nor the District Court considered evidence of the comparable justifications and burdens of any historical analogues. Remand will allow the parties to introduce this necessary evidence. And given that these issues must be guided by "various evidentiary principles and default rules," including "the principle of party presentation," *id*. at 2130 n.6, the District Court is the appropriate forum to address such questions in the first instance.

At bottom, "historical analysis can be difficult" and sometimes requires judges to "resolv[e] threshold questions" and "mak[e] nuanced judgments about which evidence to consult and how to interpret it." *Id*. at 2130 (cleaned up). That is especially true here given that the Age Provision relates to the "unprecedented societal concerns" and "dramatic technological changes" associated with mass killings perpetuated by 18- to 20-year-olds with semiautomatic assault rifles. *Id.* at 2132. Remand will allow the District Court to address several novel legal and evidentiary questions in the first instance, and allow for the creation of a "historical record compiled by the parties," as *Bruen* envisaged. *Id.* at 2130 n.6; *see, e.g.*, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("[A] district court virtually always is in the better position to assess the admissibility of the

evidence in the context of the particular case before it.").

### 4. This Court Has Vacated and Remanded Other Second Amendment Cases

Partial vacatur and remand also is consistent with how this Court has handled other Second Amendment cases that were pending when *Bruen* was issued. In total, this Court has vacated and remanded at least nine such cases. *See Duncan v. Bonta*, 49 F.4th 1228 (9th Cir. 2022) (en banc); *Nichols v. Newsom*, No. 14-55873, Dkt. 142 (9th Cir. Sept. 12, 2022); *Jones v. Bonta*, No. 20-56174, Dkt. 99 (9th Cir. Sept. 7, 2022); *Young v. Hawaii*, No. 12-17808, Dkt. 329 (9th Cir. Aug. 19, 2022) (en banc); *Cupp v. Bonta*, No. 21-16809, Dkt. 23 (9th Cir. Aug. 19, 2022); *Miller v. Bonta*, No. 21-55608, Dkt. 27 (9th Cir. Aug. 1, 2022); *Martinez v. Villanueva*, No. 20-56233, Dkt. 45 (9th Cir. July 6, 2022); *McDougall v. Cnty. of Ventura*, No. 20-56220, Dkt. 55 (9th Cir. June 29, 2022) (en banc); *Rupp v. Bonta*, No. 19-56004, Dkt. 71 (9th Cir. June 28, 2022). Among these cases is *Jones v. Bonta*, a preliminary injunction appeal involving a Second Amendment challenge to California's minimum age restrictions on sales of long guns and semiautomatic centerfire rifles. No. 20-56174, Dkt. 87 (9th Cir. Sept. 7, 2022). Pending the outcome in *Jones*, last year this case was held in abeyance. Dkt. 39. After *Bruen*, however, this Court remanded *Jones* to the district court. *Jones*, No. 20-56174, Dkt. 99 (9th Cir. Sept. 7, 2022).

In addition to this Court, other courts of appeals also have vacated and remanded appeals raising Second Amendment claims that were pending when *Bruen* was decided. *See, e.g.*, *Oakland Tactical Supply, LLC v. Howell Twp.*, No. 21-1244, 2022 WL 3137711, at *2 (6th Cir. Aug. 5, 2022) ("The district court should decide, in the first instance, whether [the] conduct is covered by the plain text of the Second Amendment" and, if so, "determine whether historical evidence—to be produced by the Township in the first instance—demonstrates that the Ordinance's shooting-range regulations are consistent with the nation's historical tradition of firearm regulation."); *Sibley v. Watches*, No. 21-1986-cv, 2022 WL 2824268, at *1 (2d Cir. July 20, 2022) (vacating judgment and remanding to district court); *Taveras v. New York City*, No. 21-398, 2022 WL 2678719, at *1 (2d Cir. July 12, 2022) ("[N]either the district court nor the parties' briefs anticipated and addressed [*Bruen*'s] new legal standard"); *see also New Jersey Rifle & Pistol Clubs Inc. v. Attorney General New Jersey*, No. 19-3142, Dkt. 147-1 (3d Cir. Aug. 25, 2022) (noting that *Bruen* "provided lower courts with new and significant guidance on the scope of the Second Amendment and the particular historical inquiry that courts must undertake when deciding Second Amendment claims"). The Court should treat this case the same way and order a partial vacatur and remand to the District Court.

## IV.   CONCLUSION

Appellees respectfully request that the Court vacate the District Court's entry

of summary judgment as to the Second Amendment claim only and remand for further proceedings consistent with *Bruen*.

RESPECTFULLY SUBMITTED this 17th day of November, 2022.

ROBERT W. FERGUSON
Attorney General

NOAH G. PURCELL, WSBA #43492
Solicitor General

*s/ Jeffrey T. Even*
JEFFREY T. EVEN, WSBA #20367
Deputy Solicitor General
jeffrey.even@atg.wa.gov
R. JULY SIMPSON, WSBA #45869
Assistant Attorney General
july.simpson@atg.wa.gov
brendan.selby@atg.wa.gov
DIONNE PADILLA-HUDDLESTON
WSBA #38356
Assistant Attorney General
dionnep@atg.wa.gov
lalseaef@atg.wa.gov
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

*Attorneys for Defendant Teresa Berntsen*

PACIFICA LAW GROUP LLP

*s/ Zachary J. Pekelis*
Paul J. Lawrence, WSBA #13557
Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749
1191 2nd Avenue, Suite 2000
Seattle, WA 98101

*Attorneys for Intervenor-Defendant
Safe Schools Safe Communities*

_s/ Leslie A. Lopez_
Leslie A. Lopez, WSBA #46118
Deputy Prosecuting Attorney
Clark County Prosecutor's Office
PO Box 5000
Vancouver WA 98666-5000
leslie.lopez@clark.wa.gov

_Attorney for Defendant Chuck Atkins_


_s/ Salvatore J. Faggiano_
Salvatore J. Faggiano, WSBA #15696
Office of the City Attorney
808 W. Spokane Falls Blvd.
Spokane, WA 99201-3326
sfaggiano@spokanecity.org

_Attorney for Defendant Craig Meidl_

## CERTIFICATE OF COMPLIANCE

The undersigned certifies under Federal Rules of Appellate Procedure 27(d)(1)(E) and (2)(A) and Ninth Circuit Rules 27-1 and 32-1, that the attached Motion to Vacate District Court's Order and Remand is proportionally spaced, has a type face of 14 points or more and, pursuant to the word-count feature of the word processing program used to prepare this motion, contains 2,643 words, exclusive of the items excluded from length under Rule 32(f).

DATED this 17th day of November, 2022.

*s/ Zachary J. Pekelis*
Zachary J. Pekelis, WSBA #44557